| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOSEPH LOUT,<br><br>        Plaintiff,<br><br>    v.<br><br>P. SIDHU, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00320-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

Plaintiff Joseph Lout is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 8, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names correctional sergeant P. Sidhu, as the sole Defendant.

On or about November 26, 2017, P. Sidhu falsified evidence by tampering with Plaintiff's urine sample by personally contaminating the urine with opiates or switching the sample, resulting in issuance of a rules violation report for which Plaintiff was found guilty and suffered credit loss.

## III.

## DISCUSSION

### A.  False Rules Violation Report/Due Process

Plaintiff contends that his rights under the Fourteenth Amendment were violated because Defendant Sidhu falsified evidence leading to issuance of a rules violation report and finding of guilt. Plaintiff fails to state a cognizable constitutional claim. The issuance of a false charge does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of

prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)); Canovas v. California Dept. of Corrections, No. 2:14-cv-2004 KJN P, 2014 WL 5699750, at *2 n.2 (E.D. Cal. Oct. 30, 2014). Accordingly, Plaintiff fails to state a cognizable constitutional claim based on his claim that Defendant Sidhu filed false charges against him.

### B. Heck Bar

In Heck v. Humphrey, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005).

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his

conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).

Plaintiff argues because his claim involves a Fourth Amendment search and seizure challenge and he is requesting DNA testing, the Heck bar does not apply, citing Skinner v. Switzer, 562 U.S. 521 (2011). Contrary to Plaintiff's argument, his Fourth Amendment unreasonable search and seizure claim would call into question the validity of his disciplinary violation.

The holding in Skinner v. Switzer, is not applicable to Plaintiff's claim. In Skinner, the Supreme Court held that a prisoner may bring a section 1983 to raise a procedural due process to the state procedures for postconviction DNA testing. Skinner, 562 U.S. at 533. Here, Plaintiff is not challenging a state procedure for postconviction DNA testing in relation to his underlying conviction; rather, he attempts to challenge a prison disciplinary violation by way of request for DNA testing to contest the validity of such violation. However, there is no entitlement to DNA testing for a violation of a prison disciplinary violation. See Wolff v. McDonnell, 418 U.S. 539, 556, 559 (1974).[1] Thus, it is clear that if Plaintiff were to succeed on this civil rights claim, then the claim would imply the invalidity of his disciplinary violation, because it would show that the guilty finding should be set aside for a due process violation-lack of some evidence. To proceed with a cognizable claim, Plaintiff would have to plead and demonstrate that his conviction had been overturned. See, e.g., Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a prisoner's claim that, even if successful, would not necessarily lead to immediate or speedier release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (claim arising from loss of good time credits in disciplinary proceeding subject to Heck if success in 1983 case would result in shortened sentence); Hammler v. Wright, No. 2:15-cv-1635-EFP P, 2016 WL 4126758, at *7-8 (E.D. Cal. Aug. 3,

---

[1] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) advanced written notice of at least 24 hours of the charges against him; (2) an opportunity to call witnesses and present documentary evidence, to the extent consistent with institutional security; (3) assistance at the hearing if he is illiterate or if the matter is particularly complex; (4) an impartial fact finder; and (5) a written statement by the fact finder identifying the evidence relied on and the reasons for the decision. Id. at 564-66, 570-71. A finding of guilt must be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

4

2016) (challenge to loss of credits resulting from disciplinary conviction would not impact the plaintiff's length of confinement, because the plaintiff was serving an indeterminate sentence of sixty-six years to life in prison); Roman v. Knowles, No. 07-cv-1343-JLS (POR), 2011 WL 3741012, *12 (S.D. Cal. June 20, 2011) (finding when the plaintiff is serving a life term, loss of good-conduct credits will have no effect on the inmate's sentence and claim was not barred by Heck). Plaintiff does not demonstrate that his disciplinary violation has been expunged or that he is serving an indeterminate life sentence such that any loss of good-time credits would not have impact on the length of his sentence. Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003). Accordingly, to the extent Plaintiff wishes to challenge the duration of his confinement he must file a habeas corpus petition.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief under § 1983. Despite being given the applicable legal standards and the opportunity to cure the deficiencies in the complaint, Plaintiff has still failed to allege facts sufficient to state a claim upon which relief can be granted. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

The Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2019**

_____
UNITED STATES MAGISTRATE JUDGE